UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rakeith D., <br><br>             Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br>             Defendant. | Civil No. 3:22-cv-00198-SRU <br><br><br><br><br><br><br> February 3, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Rakeith D.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that he is unemployed, and that he has no current income other than $194 in monthly food stamp benefits. (ECF No. 2-1, at 3.) He struck through or answered "0" to virtually every other question, and he therefore claims in substance to have no assets or obligations. The lone data point on how he supports himself is a one-sentence entry stating that "[h]is mother takes care of all the other bills." (*Id.* at 5.)

As noted above, courts can and should consider the resources of persons who provide the plaintiff with support when assessing *in forma pauperis* applications. *Fridman*, 195 F. Supp. 2d at 537. Here, the plaintiff says that he is almost entirely supported by his mother, yet he has provided no information on her resources or ability to pay the filing fee.

The Court therefore orders that, by February 17, 2022, the plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how he supports himself – and, if he receives support from his mother or any other person, provide a statement of

that person's resources and ability to pay the filing fee. The plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

                                                                 */s/ Thomas O. Farrish*
                                                        Hon. Thomas O. Farrish
                                          United States Magistrate Judge